PENNSYLVANIA, The (SCHMIDT v.).  See Cases Nos. 12,464 and 12,465.

PENNSYLVANIA CANAL BOAT NOS. 68 AND 69, The (UNITED STATES v.). See Case No. 16,027.

---

## Case No. 10,952a.

PENNSYLVANIA COAL CO. v. The QUEEN VICTORIA.

[22 Betts' D. C. MS. 113.]

District Court, S. D. New York. Oct. Term, 1855.

COLLISION—VESSELS MEETING IN EAST RIVER — RULE FOR PASSING.

In admiralty.

BY THE COURT.  A collision occurred between the barge Sarah N. Palmer, in tow by the steamer Telegraph, and the ship Queen Victoria, in tow of the steamer Union, in the East river, between the Battery and Blackwell's Island. The tide was flood. The Telegraph was on the tide, going up the river. The Union was coming down the river, against the tide. Both vessels, when within two or three hundred yards apart, were nearly in the middle of the channel, and heading towards each other. The east side or shore of the river was most favorable to the ascending ship, and the western side to the descending one, in that state of the tide,—it being flood. The collision was east of mid-channel, both vessels at the time of the collision having their direction or course tending towards the east shore. There was no impediment in the stream to prevent either vessel going east or west of the channel at the place of collision, and there was width of the river and depth of water each side of mid-channel sufficient for either ship to go clear of the other outside of mid-channel. The law of the state required each vessel to be navigated at that place as near as possible in the center of the river. Sess. Laws 1848, p. 450, c. 321; Blatchf. St. Laws, 951. Also by statute of this state, —steamboats meeting each other on any waters within the jurisdiction of the state,—each boat, in meeting, is required to go to her starboard, so as to pass each other with safety. 1 Rev. St. 682, § 1.  Such is the maritime law in England (The Gazelle, 1 W. Rob. Adm. 471; The Friends, Id. 478; Id. 488, 489), and has been recognized as the true rule in the United States courts (The Neptune, 10 How. [51 U. S.] 558; Van Pelt v. The Niagara, 18 Betts' Dec. 40–42; Ray v. Harris, Cir. Ct. Scr. Bk. 518; Ang. Carr. § 658; 3 Kent, Comm., 8th Ed., 294, 296.) The barge Sarah N. Palmer was in tow on the larboard side of the Telegraph, and the ship Queen Victoria on the starboard side of the Telegraph.

The collision was by the striking of the larboard bow of the barge and starboard side of the ship. The barge was sunken and lost. There is the accustomed conflict in the opinion of witnesses present, and some discord in their statements of facts, but the fair preponderance of evidence is that the barge bore away to starboard from the channel upon a port helm, and that the ship bore eastwardly across it on a starboard helm, tending also across the bows of the barge, and that the collision occurred whilst the vessels were moving in that manner.

Upon these considerations, the faulty conduct was on the part of the ship, and the libellant is entitled to recover the damages he has sustained by means of the collision. Decree accordingly, with reference to a commissioner.